No. 17,045.

MEANS, CONSERVATOR *v.* SIMON, ADMINISTRATRIX.

(260 P. [2d] 598)

Decided August 3, 1953.

Messrs. MEANS, MEANS & ROBERTS, for plaintiff in error.

Mr. RICHARD H. SIMON, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

IN March, 1948 Minnie L. Lawson conveyed certain real estate under an agreement with Williams and Greene. Mrs. Lawson was adjudged a mental incompetent and Dr. John Simon was appointed conservator of her estate. He instituted a suit to rescind this real-estate transaction, alleging that when Mrs. Lawson conveyed said real property she was "aged, ill and senile and incapable of handling her own affairs," and that the price paid for said real estate was grossly inadequate. In the trial court this action was determined adversely to plaintiff. In *Simon, Conservator v. Williams, Administratrix,* 123 Colo. 505, 232 P. (2d) 181 we reversed the judgment. The gist of that case is aptly stated by the author of our opinion, when he said: "The unfortunate and unhappy elderly woman will get a reconveyance of her property, and defendants will have their money returned."

It appears from the record herein that when this property was conveyed by Mrs. Lawson she deposited $1,726.73 in cash constituting "most of the purchase price" of the property. This amount she deposited in a savings and loan association account. On November 26, 1951 by order of the district court on remand of the case

to cancel the deed, the Lawson estate was ordered to pay $2,000 into the registry of the district court for the use of Williams and Greene, and receive conveyance of the property. Dr. Simon, as conservator, withdrew the Lawson deposit in the savings and loan association, it then amounting to $1,928.37. He did not comply with the district court order to pay $2,000.00 and was cited into court to show cause why he had not done so. This citation was returnable on May 2, 1952, the day Dr. Simon departed this life. He had had possession of the fund for some two and one-half months prior to his death.

Robert D. Means was named as conservator of the estate of Mrs. Lawson subsequent to the death of Dr. Simon. In November, 1952 the estate of Minnie L. Lawson, mental incompetent, through Robert D. Means, conservator, filed a claim against the estate of John Simon, deceased, reading as follows: "Claim is hereby made against said estate, itemized as follows: Funds formerly deposited with First Federal Savings and Loan Association of Denver, Colorado, to the credit of Minnie L. Lawson. Removed by the said deceased and deposited with his personal funds total $1,928.00."

This claim came on for hearing in the county court of Arapahoe County, Colorado in February, 1953, at which time the administratrix of the John Simon estate, appointed by the same county court, submitted to the judge of said court a final report on behalf of John Simon as conservator of the Lawson estate and included therein, as stated by her counsel, all of his transactions in said Lawson estate from April, 1948 to that date. In this report she accounted for the $1,928.00 above mentioned, together with other receipts. She also listed expenditures on behalf of the mental incompetent, leaving a balance due from the former conservator which she stated she was "ready and willing to pay into court."

Counsel for Conservator Means stated that this sum of $1,928.00 constituted a trust fund "in the estate of Mrs. Lawson just as well as they are a trust fund in the estate

of John Simon. In other words, what I am trying to bring out is simply this: This is not our money; this is not Mrs. Lawson's money; this $1928 belongs to the purchasers of her property, who lost the case in the District Court, and who are now entitled to their money. That money cannot be used to pay Mrs. Lawson's debts. Those are trust funds, and that is the basis upon which we are filing this claim today. * * * Our claim is a claim of the first class and you can't use that money which is now in Dr. Simon's estate and belongs not to Mrs. Lawson but to Williams & Greene. * * * This is not Mrs. Lawson's money. It belongs to Messrs. Williams & Greene and we can't use that money to pay the debts of the estate."

After hearing, the county court disallowed the claim as filed against the Simon estate and the conservator brings the case here by writ of error.

By the final judgment in the first suit, before Williams and Greene were required to reconvey the real property the Lawson estate was required to pay the consideration paid by Williams and Greene. What they actually paid does not appear definitely in the record. The $1,726.73 she deposited in the savings and loan association is designated as "most of the purchase price." When John Simon as conservator succeeded in rescinding this sale he was under our order in the rescission case bound to repay the consideration to Williams and Greene, provided, of course, he was in possession of funds sufficient to do so.

It is clear that when Mrs. Lawson first received this money from Williams and Greene it was not a trust fund; the fact that she put it out at interest did not make it a trust fund; the decree in the conservator's suit to set aside the transaction and restore the property to Mrs. Lawson did not create a trust fund out of it.

This $1,928.00 item was in no sense different from any other asset collected by the conservator of the Lawson estate. He acted in a fiduciary capacity, and as an officer

of the county court was obligated to report his accounts to that court. When he died it was the duty of his administratrix to assemble all the accounts and file a report showing disbursements as well as receipts, and to turn over to the successor conservator any balance in the Lawson estate. If the accounting made on behalf of Dr. Simon was incorrect, the successor conservator could object thereto. This he has not done. He insists that this $1,928.00 item is a special trust fund and a first class claim against the estate of Dr. Simon from which nothing can be deducted, no matter how just the expenditures on behalf of Mrs. Lawson. We cannot agree. For aught that appears in the record, the accounting made was correct.

■ Without any intervening circumstances, a conservator is entitled to treat all funds received in the course of his duties as being general funds of the estate, and such of those funds as may have been previously received by the incompetent person as consideration for a contract later rescinded are not thereby impressed with a special trust fund for the benefit of the adverse parties to the contract.

■ The claim was not filed by Williams and Greene, yet counsel for the successor conservator insist that this money belongs to Williams and Greene and not to Mrs. Lawson's estate. If this be so the claim was properly denied, for a claim against an estate must be filed in the name of the real party in interest just as an action at law must be prosecuted by the real party in interest.

We conclude that the record as made did not disclose a special trust fund in the hands of conservator Simon, and that the instant claim against his individual estate was properly disallowed. The judgment is affirmed.